VIOLA A. CLINCHARD, APPELLANT, V. TIMOTHY D. WHITE AND ERMA J. CLINCHARD, APPELLEES.

388 N.W.2d 477

Filed June 13, 1986.   No. 85-306.

William G. Blackburn of Cunningham, Blackburn, VonSeggern, Livingston & Francis, for appellant.

Denzel R. Busick of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee Clinchard.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

HASTINGS, J.

Plaintiff has appealed from an order of the district court which sustained defendant Erma J. Clinchard's motion for summary judgment and dismissed plaintiff's cause of action. We reverse.

This appeal involves an interpretation of a portion of the new "guest" statute, Neb. Rev. Stat. § 39-6,191 (Reissue 1984), which became effective August 30, 1981. That section reads as follows:

> The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person related to such owner or operator as spouse or within the second degree of consanguinity or affinity who is riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by (1) the driver of such motor vehicle being under the influence of intoxicating liquor, or (2) the gross negligence of the owner or operator in the operation of such motor vehicle. For the purpose of this section, the term guest is hereby defined as being a person who accepts a ride in any motor vehicle without giving compensation therefor, but shall not be construed to apply to or include any such passenger in a motor vehicle being demonstrated to such passenger as a

prospective purchaser. Relationship by consanguinity or affinity within the second degree shall include parents, grandparents, children, grandchildren, and brothers and sisters. *Should the marriage of the driver or owner be terminated by death or dissolution, the affinial relationship with the blood kindred of his or her spouse shall be deemed to continue.*
(Emphasis supplied.)

We are here concerned with the italicized portion of the quoted section. Simply stated, the question is whether the affinial relationship with the blood kindred of the host driver's spouse shall be deemed to have continued following termination of the marriage by dissolution before any accident has occurred. If it is, as was determined by the trial court here, the court was correct in sustaining the motion for summary judgment because of the failure of the plaintiff to allege gross negligence.

The accident which resulted in this lawsuit occurred on September 30, 1983. Plaintiff was a passenger in an automobile driven by the defendant Erma J. Clinchard. The defendant at one time had been married to plaintiff's son. However, that marriage was terminated by dissolution in 1959. Plaintiff's petition alleged ordinary negligence on the part of this defendant. The trial court held that § 39-6,191 continued the "in-law" relationship forever, without regard to when the accident occurred. We do not agree.

In considering and applying a statute it is the obligation of this court to determine and give effect to the purpose and intention of the Legislature as ascertained from the entire language thereof considered in its plain, ordinary, and popular sense. *Adkisson v. City of Columbus*, 214 Neb. 129, 333 N.W.2d 661 (1983).

We do not believe that the wording of the statute is ambiguous. It very plainly speaks in terms of a marriage termination after the accident has occurred. The words "[s]hould the marriage of the *driver* . . . be terminated" (emphasis supplied) suggest the necessity of an accident before there can exist a "driver" whose "marriage [should] be terminated." When the marriage in the instant case was

dissolved, there was no "driver"; the affinial relationship between the two parties terminated; and an automobile accident which occurred 24 years later, in which Erma J. Clinchard was the driver, did not breathe life into that relationship.

Where the words of a statute are plain and unambiguous, no interpretation is needed to ascertain their meaning, and in the absence of anything to indicate the contrary, words will be given their ordinary meaning. *Hill v. City of Lincoln*, 213 Neb. 517, 330 N.W.2d 471 (1983). Such is the case here.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.